UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.08-60869-Civ-Hurley/Hopkins

ALWIN HERBST and JOHN PARISI,

    Plaintiff,

vs.

NORTH OCEAN CONDOS, L.P.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION AS TO DEFENDANT'S VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES (DE 19)

**THIS CAUSE** is before the Court upon an Order Referring to the undersigned Defendant's Verified Motion for Award of Attorney's Fees for a Report and Recommendation. (DEs 19, 21). This Court has before it Defendant's Verified Motion, Plaintiff's Response, and Defendant's Reply. (DEs 19, 23, 24). For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT** Defendant's Verified Motion, and award Defendant attorney's fees in the amount of seven thousand, nine hundred eighty-nine dollars ($7,989.00). (DE 19).

## BACKGROUND

In June of 2008, Plaintiffs filed a Complaint alleging violations of the Interstate Land Sale Full Disclosure Act ("ILSA"), codified at 15 U.S.C.§ 1701 *et seq.*, and seeking rescission of contract executed with Defendant for the purchase and construction of a condominium unit. (DE 1; DE 19, pg. 1). After the Court granted Defendant's Motion to Dismiss, Plaintiffs filed an Amended Complaint. (DE 19, pg. 1). After Defendant moved to dismiss the Amended Complaint, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice. (DE 19, pg. 2).

Defendant's Verified Motion for Award of Attorney's Fees followed. (DE 19).

## DISCUSSION

**Entitlement**

"Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007) (*quoting Alyeska Pipeline Srvc. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)) (*other citations omitted*). However, the American Rule can be overcome by either a statute allowing for an award of attorney's fees or an enforceable contract which allocates attorney's fees. *See Travelers Cas. and Sur. Co. of America*, 549 U.S. at 448 (*citing Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)).

Here, the parties' agreement contains the following statement regarding attorney's fees:

> 8. DEFAULT
> (a) Purchaser's Default. . . .  In the event any litigation or arbitration is commenced as a result of this Contract and the Seller prevails in such litigation or arbitration, the Purchaser shall also be liable for Seller's attorney's fees and costs resulting therefrom.

(DE 12, exh. A, ¶ 8(a).

Defendant argues that it is entitled to attorney's fees based on the above provision and its status as a prevailing party. (DE 19, pg. 2). However, Plaintiffs contend that the attorney's fees provision does not apply to the claims brought in the action. (DE 23, pgs. 1-2). Both parties focus their arguments on *Kamel v. Kenoc/The Oaks at Boca Raton, LP*, No. 07-80905-CIV, 2008 WL 3471594 (S.D. Fla. Aug. 11, 2008).

In *Kamel*, 2008 WL 3471594 at * 1, the plaintiffs filed a complaint alleging violations of the Interstate Land Sales Full Disclosure Act. After the court dismissed the complaint for failure

2

to state an ILSA claim, the defendant moved for attorney's fees. *See Id*. at *1. Ultimately, the court held that the defendant was entitled to attorney's fees based on a provision in the parties' agreement which provided that "[i]n any suit or other proceeding brought by either Buyer or Seller, the prevailing party will be entitled to recover reasonable attorneys' fees, reasonable costs and expenses actually incurred by the prevailing party in such suit or proceeding." *Id*. In holding that the defendant was entitled to attorney's fees, the court reasoned that (1) Florida law permitted the recovery of attorney's fees by a prevailing party pursuant to a contractual agreement; (2) Florida law did not provide the court with discretion to decline to enforce a contractual provision awarding attorney's fees because such provisions are mandatory; (3) the defendant qualified as a prevailing party under Florida law; and, (4) the contractual provision was not limited in scope to breach of contract claims. *See Id*. at *2 (*citations omitted*).

Initially, this Court notes that just as in *Kamel*, 2008 WL 3471594 at *2, the parties' agreement designates Florida law. (DE 12, exh. A, ¶ 28) ("Any disputes that develop under this agreement will be settled according to Florida law.") As such, this Court will apply Florida contract law herein.

In Florida, the intention of the parties governs the construction of contracts. *See Scott v. Prudential Secs., Inc.*, 141 F.3d 1007, 1012 (11th Cir. 1998) (*citing Mayflower Corp. v. Davis*, 655 So. 2d 1134, 1137 (Fla. Dist. Ct. App. 1994) ("The intention of the parties governs the construction of contracts")). As observed by *Kamel*, the Florida Supreme Court has held that prevailing parties are entitled to awards of attorney's fees where a contractual provision provides for an award. *See Id*. at *2 (*citing Price v. Taylor*, 890 So.2d 246, 250-251 (Fla. 2004) (noting that although Florida follows the American rule, parties may recover attorney's fees where

3

allowed by statute or contract).  Florida courts have also held that contracts allowing for award of attorney's fees to the prevailing party are generally enforceable, and that trial courts do not have the discretion to decline to enforce such provisions.  *See Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158-1159 (Fla. 2005) (*citations omitted*) (*as cited in Kamel*, 2008 WL 3471594 at *2).

Application of *Kamel* requires this Court to find that Defendant would be[1] entitled to attorney's fees herein.  A direct comparison of the contractual provisions shows their similarity.  In *Kamel*, the parties employed the phrase,

> "[i]n any suit or other proceeding brought by either Buyer or Seller, the prevailing party will be entitled to recover reasonable attorneys' fees, reasonable costs and expenses actually incurred by the prevailing party in such suit or proceeding."

*Id*. at *2.  Here, the parties used similar language:

> In the event any litigation or arbitration is commenced as a result of this Contract and the Seller prevails in such litigation or arbitration, the Purchaser shall also be liable for Seller's attorney's fees and costs resulting therefrom.

(DE 12, exh. A, ¶ 8).

Plaintiffs argue that the contractual provision herein is distinguishable from that of *Kamel* because in *Kamel*, the provision contained the phrase "*in any suit or proceeding,*" and here, the provision only allows for awards where litigation is commenced "*as a result of [the] contract*."  (DE 23, pg. 2) (*emphasis added*).  Specifically, Plaintiffs contend that Defendant is not entitled to an award of fees because "litigation did not result from a breach of the contract."  (DE 23, pg. 2).  However, such argument is not well taken.  A close read of paragraph 8 shows that it does not limit awards of attorney's fees to actions commenced as a result of a breach of contract.  Rather, the provision plainly states that attorney's fees may be awarded "in the event any litigation or

---

[1] This Court must next consider whether Defendant qualifies as a prevailing party.

arbitration is commenced *as a result of this Contract*." (DE 12, exh. A, ¶ 8).  And, because the opening paragraphs of both the original Complaint and the Amended Complaint both state that the action is based on the parties' contract, there can be little question that the instant litigation was commenced "*as a result of this Contract*," within the meaning of paragraph 8.  (DE 1, pg. 1, ¶ 1) ("[t]his is an action to rescind a contract for the purchase of a condominium unit . . . pursuant to the Interstate Land Sales Full Disclosure Act . . ."); (DE 12, pg. 1, ¶ 1) ("[t]his is an action for damages arising from a contract for the purchase of a condominium unit . . . for violations of the Interstate Land Sales Full Disclosure Act . . .").

Next, this Court must determine whether Defendant qualifies as a prevailing party under Florida law.  Florida follows the same standard as enunciated in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  *See Kamel*, 2008 WL 3471594 at *2 (*citing Moritz v. Hoyt Enterps, Inc.*, 604 So. 2d 807, 809-810 (Fla. 1992)).  Pursuant to *Hensley*, a party qualifies as a prevailing party for purposes of attorney's fees if that party succeeds "on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit."  461 U.S. at 433 (*citations omitted*).  *See also Kamel*, 2008 WL 3471594 at *2.

Moreover, Florida law does not require a party to succeed on the merits to be considered a "prevailing party."  *See Kamel*, 2008 WL 3471594 at *2.  Rather, dismissal of a plaintiff's action on jurisdictional grounds is sufficient to confer the status of a "prevailing party" on the defendant.  *See Id*. at *2 (*citing Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990) (noting that generally, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party); *Arango v. United Auto Ins. Co.*, 901 So. 2d 320, 321 (Fla. Dist. Ct. App. 2005) (noting that in insurance cases, where an insurer commences an appeal, but the appeal is

5

dismissed with no decision on the merits, the insured is considered the prevailing party); *Dept. of Health and Rehabilitative Srvcs. v. Hall*, 409 So. 2d 193, 195 (Fla. Dist. Ct. App. 1982) (*collecting cases*)).

Here, the court initially granted Defendant's Motion to Dismiss. (DE 19, pg. 1). Plaintiffs subsequently voluntarily dismissed their Amended Complaint. (DE 19, pg. 2). Based on *Thornber*, 568 So. 2d at 919, it appears that Defendant qualifies as a prevailing party. *See also Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp.*, 493 So. 2d 1136, 1137 (Fla. Dist. Ct. App. 1986) (remanding for the trial court to consider motion for attorney's fees; noting that when a plaintiff takes a voluntary dismissal, the defendant is the prevailing party).

In short, because Florida courts have held that contracts allowing for award of attorney's fees to the prevailing party are generally enforceable, and may not be disregarded, s*ee Lashkajani*, 911 So.2d at 1158-1159, this Court concludes that Defendant is entitled to an award of attorney's fees herein.

**Calculation of the Fee Award**

Defendant seeks an award of seven thousand, nine hundred eighty-nine dollars ($7,989.00) in attorney's fees. (DE 19, pg. 5). In support of the request, Defendant has submitted copies of billing records and an expert affidavit prepared by Michael J, Higer, Esq., ("Higer") wherein Higer opines that the hourly rates and hours expended are reasonable. (DE 19, exhs. 1, 2).

Plaintiffs do not challenge the amount of fees sought by Defendant. (DE 23, pgs. 1-3). Nevertheless, courts are not permitted to be generous with the money of others. *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Because it is as much the

court's duty to avoid awarding excessive fees and expenses as it is to see that an adequate fee is awarded, *see Barnes*, 168 F.3d at 428, this Court will briefly address the reasonableness of the amount sought by Defendant.

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (*citations omitted*). This "lodestar" may then be adjusted for the results obtained. *See Barnes*, 168 F.3d at 427 (*citations omitted*). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman*, 836 F.2d at 1299). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

With regard to the reasonable hourly rate, our High Court in *Norman* stated,

> . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate . . . Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Norman*, 836 F.2d at 1299 (*citations omitted*). Nevertheless, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

7

The court may also consider any one of the factors[2] enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine a reasonable hourly rate. *See Norman*, 836 F.2d at 1299-1300.

As to the type of evidence that the fee claimant should produce in support of a fee claim, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (*citations omitted*).

*Barnes,* 168 F.3d at 427. *See also Norman*, 836 F.2d at 1303 (*citing Hensley*, 461 U.S. at 437 n. 12).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301) (*emphasis in original*).

---

[2] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases.

When objections to fee petitions are raised, such objections must be precise and reasonably specific. *See Barnes*, 168 F.3d at 427 (stating that fee opponents are required to be specific and "reasonably precise" with respect to any objections they may have); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.") A failure to object is generally deemed fatal. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (affirming decision of district court as to the claimed number of hours worked because fee opponents failed to lodge specific objections); *Scelta v. Delicatessan Support Srvcs. Inc.*, 203 F. Supp 2d 1328, 1333 (M.D. Fla. 2002) ("[a] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.") (*citing Gray*, 125 F.3d 1387).

**<u>Reasonable Hourly Rate</u>**

As noted above, the reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

According to Defendant's billing records, two attorneys billed time in this matter: Bernard L. Egozi ("Egozi"), and Joseph H. Rose ("Rose"). (DE 19, pg. 5, n. 1; DE 19, exh. 1, pg. 3; DE 19, exh. 2). Their claimed hourly rates are two hundred seventy-five dollars ($275.00) and one hundred ninety-five dollars ($195.00), respectively. Although Defendant's expert opines that the claimed hourly rates are reasonable, Higer's affidavit contains little information in

support of such conclusion, and Defendant's memorandum fails to include any background information with regard to either Egozi or Rose. (DE 19, exh. 1, pg. 3). Nevertheless, with regard to Egozi, Higer states that based on the prevailing market in the Southern District of Florida, lawyers with comparable skills and similar reputations charge between two hundred and fifty dollars ($250.00) to four hundred dollars ($400.00) per hour, and that Rose is an associate with less than one (1) year of experience. (DE 19, exh. 1, pg. 3).

Given the small amount of information offered by Defendant in the Verified Motion, on July 1, 2009, this Court visited the publicly accessible website for the Florida Bar, http://www.floridabar.org, to verify the Bar history of Egozi and Rose. The visit to the website revealed that (1) Egozi was admitted to practice in 1998, and has no disciplinary history; and, (2) Rose was admitted to practice in September of 2008, is admitted to the United States District Court for the Southern, Middle, and Northern Districts of Florida, and has no disciplinary history.

Based on this Court's own knowledge and experience, *see Norman*, 836 F.2d at 1303, and after considering the above information as well as Plaintiffs' failure to object, this Court **RECOMMENDS** that the District Court find that the claimed hourly rates are reasonable. *See Zokaites v. 3236 NE 5th Street, Inc.*, No. 07-60670-CIV, 2009 WL 259593, *3-*4 (S.D. Fla. Feb. 4, 2009) (finding that claimed hourly rates of $295, $255, and $165.75/$185.00 were within prevailing market rates for South Florida legal community; observing that such finding was appropriate in light of the fact that the defendant did not oppose the claimed rates).

**Reasonable Number of Hours Expended**

Plaintiffs have lodged no objections with respect to the hours claimed. (DE 23). As

noted previously, any objections to fee petitions must be reasonably specific.  *See Barnes*, 168 F.3d at 427; *Norman*, 836 F.2d at 1301.  A failure to object is generally deemed fatal.  *See Gray*, 125 F.3d at 1389; *Scelta*, 203 F. Supp 2d at 1333.

Having reviewed Defendant's billing records, this Court concludes that the number of hours expended by both Egozi and Rose in this matter are reasonable and not duplicative.  (DE 19, exh. 2).  Moreover, noting that Plaintiffs have failed to lodge any specific objection to the claimed number of hours, this Court **RECOMMENDS** that the District Court find that Defendant should be compensated for all hours claimed.  *See Gray*, 125 F.3d at 1389 (affirming decision of district court as to the claimed number of hours because fee opponents failed to lodge specific objections); *Scelta*, 203 F. Supp. 2d at 1333 (accepting all billing entries not properly objected to).

## RECOMMENDATION TO THE DISTRICT COURT

In light of the foregoing, this Court **RECOMMENDS** that the District Court award Defendant attorney's fees in the total amount sought, seven thousand, nine hundred eighty-nine dollars ($7,989.00).[3]  (DE 19).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation

---

[3] This Court notes that a review of Defendant's billing records shows that Egozi billed 16.1 hours, and that Rose billed 23.2 hours.  Multiplying the total number of compensable hours by the applicable hourly rates yields a total fee of $4,427.50 for Egozi, a total fee of $4,524.00 for Rose, and a grand total of $8,951.50 in attorney's fees.  However, because Defendant only seeks an award of $7,989.00, this Court's Recommendation is consistent with such request.

11

with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 9 day of July, 2009, at West Palm Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern District of Florida
Counsel of Record